## City of Mattoon v. Mattoon Tile Co. et al.

1. MANDAMUS—*To Disconnect Territory—Form of the Petition.*—The court in its opinion sets out the petition for the disconnection of the appellee's lands from the city of Mattoon in this case, and holds it sufficient, in substance, to warrant the court in overruling a general demurrer to it and awarding the writ as prayed for.

**Mandamus,** to disconnect territory.   Appeal from the City Court of the City of Mattoon; the Hon. JAMES E. HUGHES, Judge, presiding. Heard in this court at the May term, 1901.   Affirmed.   Opinion filed September 11, 1901.

JOHN McNUTT, JR., and ANDERSON STEWART, attorneys for appellant.

ANDREWS & VAUSE, attorneys for appellees.

**Statement.**—On December 5, 1900, appellees filed, in the office of the clerk of the City Court of Mattoon, their petition for mandamus against appellant as follows:

"The petitioners, the Mattoon Tile Company, a corporation, Richard Heap, Harry Heap, James H. Clark, conservator for John F. Michaels, Margaret Cain and Elizabeth C. Mason, of the city of Mattoon, in said county and State, complaining, show that they are now and were on the 27th day of June, 1900, the owners of the following described real estate, within the city of Mattoon, to wit:

### MATTOON TILE COMPANY.

Beginning at a point where the east line of the right of way of the I. C. R. R. Co. crosses the south line of section 12, town 12, range 7 east, thence north to the half section line, thence east 5.30 chains, thence south 40.18 chains, to the south line of said Sec. 12, thence west on said section line to place of beginning, containing 54.12 acres, more or less.

### HARRY HEAP AND RICHARD HEAP.

Beginning 5.30 chains east of a point where the east line of the I. C. R. R. right of way intersects the half section line in section 12, town 12, range 7, thence east on said one-half section line 11.20 chains, thence south 33.11 chains,

thence west 7.07 chains, thence south 7.07 chains, thence west 4.13 chains on the section line, thence north 40.18 chains to place of beginning.

### JAMES H. CLARK, CONSERVATOR FOR JOHN F. MICHAELS.

Beginning at a point on the south line of Sec. 12, T. 12, R. 7, 23 chains and 37 links west of southeast corner of said section, thence westerly on said line 7.07 chains, thence north 7.07 chains, thence east 7.07 chains and thence south to place of beginning.

### MARGARET CAIN.

Part of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, Sec. 12, T. 12, R. 7, beginning at a point 4 rods west of the S. W. corner of E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of said Sec. 12, thence west 10 rods, thence north 80 rods, thence east 10 rods, thence south 80 rods to place of beginning, containing 5 acres.

### ELIZABETH C. MASON.

The east 9$\frac{1}{4}$ acres of the S. E. $\frac{1}{4}$, Sec. 12, T. 12, R. 7, excepting the parcels of land described herein as heretofore deeded to James Kitchin, William Schroeder and Margaret Cain, grantors of the said Elizabeth C. Mason.

Your petitioners would further show that the heirs of William Schroeder, deceased, and James Kitchin, own the following described land within the said city of Mattoon and which is contiguous to the land aforesaid, and when taken with the land owned by your petitioners comprises all that part of the northeast corner of the corporate limits of the said city of Mattoon, lying east of Illinois Central Railroad.

### ESTATE OF WILLIAM SCHRŒDER.

A strip of land 4 rods wide off the east side of the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and a strip of land 6 rods wide off the west side of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of Sec. 18, T. 12, R. 7.

### JAMES KITCHIN.

A strip of land beginning at the S. E. Cor. of said Sec. 12, thence west on south line of said Sec. 12 to its intersection with west line of E. 12th St. in the city of Mattoon, thence north with extensions of said west line of said 12th St. 370 feet, thence east to east line of said Sec. 12, thence south to place of beginning.

Your petitioners would further show that they represent a majority of the area of the land in said territory afore-

said, within the said city of Mattoon, which said territory is upon the border and within the boundary thereof and not laid out in city lots or blocks.

And your petitioners, so being a majority of the owners of said territory, filed with the said clerk of the city of Mattoon in said county and State, a petition, a copy of which is hereto attached and made a part of this petition, which said petition was addressed to the city council of said city and stated the facts which petitioners aver were true June 27, 1900, the date said petition was filed with said city clerk, and are still true, viz.: That petitioners were the sole owners of a majority of the area described herein, and that said territory was within the city limits of the city of Mattoon, upon the northeast corner of said city within the boundary thereof, and not laid out into city or field lots or blocks, and said petitioners in said last-mentioned petition asked said city council to disconnect said premises in said petition described, from the said city of Mattoon, pursuant to the act in relation to the disconnection of territory from the cities and villages, approved and in force May 29, 1879.

Petitioners further show to the court that said petition was verified by the affidavit of Emery Andrews and accompanied by the certificate of A. C. Sellars, county clerk of said county, under the seal of his office, that on the 26th day of June, 1900, the date of said certificate, all city taxes and assessments on said premises due on said last named date were fully paid, and copies of the affidavit of Emery Andrews and of the certificate of said county clerk are also hereto attached and made a part of this petition.

Petitioners further show to the court that the time for the next regular meeting of the said city council after filing the petition with the said city clerk was July 3, 1900, and that on said last named date, said city council did meet and transact business and voted to lay said petition on the table.

Petitioners aver that it was the duty of said city council and of said city by its said council, at said meeting, to take steps to investigate the truth of the matters in said petition stated, and to grant the prayer of said petition and to pass an ordinance disconnecting said territory from said city.

Petitioners further show that although said city council met July 3, 1900, and many times thereafter, and transacted business, and could have passed an ordinance disconnecting said premises from said city, yet C. B. Fry, who is now and was July 3, 1900, mayor of said city, and F. E. Bell, W. W.

City of Mattoon v. Mattoon Tile Co.

Williams, Joe Gharrett, J. A. Brown, F. M. Beals, D. D. James, Earl Barker, O. B. Crawley, J. J. Beall, C. C. Robinson, N. Pence, William Morgan, James Morris and George DeWald, who are now aldermen of said city and members of said council, all of whom were aldermen as aforesaid on July 3, 1900, and the said city council of Mattoon, then and there wholly refused, and ever since then have neglected and refused to pass an ordinance disconnecting said premises from said city.

By means whereof the said real estate of your petitioners and the said territory petitioned to be removed is wrongfully and unlawfully kept within and a part of said city, subject to its ordinances and liable to taxation for its proportionate part of the amounts appropriated and levied annually for the needs of said city by said city council.

Wherefore petitioners pray a writ of mandamus, directed to said city of Mattoon and to the said C. B. Fry, mayor of the said city, and F. E. Bell, W. W. Williams, Joe Gharrett, J. A. Brown, F. M. Beals, D. D. James, Earl Barker, O. B. Crawley, J. J. Beall, C. C. Robinson, N. Pence, William Morgan, James Morris and George DeWald, commanding them and the said city of Mattoon, through its council, at the time fixed by the ordinance of the city of Mattoon for the next meeting of said council, after such writ issues, to hold a meeting of the council of said city and pass into immediate effect an ordinance of said city disconnecting said territory above described, from said city, and that such further order may be made in the premises as justice may require, etc.

MATTOON TILE COMPANY,
RICHARD HEAP,
HARRY HEAP,
JAS. H. CLARK, Cons.,
MARGARET CAIN,
ELIZABETH C. MASON.

ANDREWS & VAUSE, Attorneys.

STATE OF ILLINOIS, ⎰ ss.
Coles County.   ⎱

Theo. Jonte, Sec'y of Mattoon Tile Co., one of the petitioners in the foregoing petition named, makes oath and says that the several matters and things in the said petition contained are true to the best of his knowledge and belief.                              THEO. JONTE.

Subscribed and sworn to before me this 5th day of December, 1900.

RALPH H. BAREUTHER, Notary Public."

To that petition was attached appellees' petition to the mayor and city council of appellant as follows:

"To THE HONORABLE MAYOR AND CITY COUNCIL OF MATTOON, IN THE COUNTY OF COLES, AND STATE OF ILLINOIS:

Your petitioners, Mattoon Tile Company, Richard Heap, Harry Heap, James H. Clark, conservator of John F. Michaels, Margaret Cain and Elizabeth C. Mason, do respectfully represent that they are the owners of the following described territory within the city of Mattoon:

### MATTOON TILE COMPANY.

Beginning at a point where the east line of the right of way of the I. C. R. R. Co. crosses the south line of section 12, thence north to the half section line, thence east 5.30 chains, thence south 40.18 chains, to the south line of said section 12, thence west on said section line to place of beginning, containing 54.12 acres, more or less.

### RICHARD HEAP, HARRY HEAP AND HEIRS OF JOHN HEAP.

Beginning 5.30 chains east of a point where the east line of the I. C. R. R. right of way intersects the half section line in section 12, town 12, range 7, thence east on said half section line 11.20 chains, thence south 33.11 chains, thence west 7.07 chains, thence south 7.07 chains, thence west 4.13 chains on the section line, thence north 40.18 chains to place of beginning.

### JAMES H. CLARK, CONSERVATOR FOR JOHN F. MICHAELS.

Beginning at a point on the south line of section 12, town 12, range 7, 23 chains and 37 links west of southeast corner of said section, thence westerly on said line 7.07 chains, thence north 7.07 chains, thence east 7.07 chains and thence south to place of beginning.

### MARGARET CAIN.

Part of the S. W. ¼ of S. E. ¼ Sec. 12, T. 12, R. 7, beginning at a point 4 rods west of the S. W. Cor. of E.½ S. E. ¼ of said Sec. 12, thence west 10 rods, thence north 80 rods, thence east 10 rods, thence south 80 rods, to place of beginning, containing 5 acres.

### ELIZABETH C. MASON.

The east 94 acres of the S. E. ¼ Sec. 12, T. 12, R. 7, excepting the parcels of land described herein as heretofore deeded to James Kitchin, William Schroeder and Margaret Cain, grantors by the said Elizabeth C. Mason.

They further represent that the heirs of William Schroe-

der, deceased, and James Kitchin, own the following described land within the said city and which, taken with the land owned by your petitioners, comprises all that part of the northeast corner of the corporate limits of the said city, lying east of the Illinois Central Railroad.

ESTATE OF WILLIAM SCHROEDER.

A strip of land 4 rods wide off the east side of the S.W. ¼ of the S. E. ¼ and a strip of land 6 rods wide off the west side of the S. E. ¼ of the S. E. ¼, Sec. 18, T. 12, R. 7.

JAMES KITCHIN.

A strip of land beginning at the S. E. Cor. of said Sec. 12, thence west on south line of said Sec. 12, to its intersection with west line of E. 12th St., in the city of Mattoon, thence north with extension of said west line of said 12th St., 370 feet, thence east to the east line of said Sec. 12, thence south to the place of beginning.

These petitioners further represent that they represent a majority of the area of the land in said territory within the said city of Mattoon, which said territory is upon the border and within the boundary thereof, and not laid out in city lots or blocks.

They do therefore petition the city council of the city of Mattoon, praying the disconnection of such territory therefrom, and they do accompany this petition with a certificate of the county clerk showing that all city taxes and assessments due up to the time of presenting this petition are fully paid.

These petitioners respectfully ask you all that upon presentation of this petition you proceed by ordinance, to be passed by a majority of the members elected to such city council, to disconnect the territory described in such petition, from the city of Mattoon.

And this they will ever pray.

MATTOON TILE COMPANY,
By Theo. Jonte, Sec'y.
RICHARD HEAP.
HARRY HEAP.
MARGARET CAIN.
JAS. H. CLARK,
Cons. of John F. Michaels.
ELIZABETH C. MASON,
By L. L. Lehman, her atty. in fact.

STATE OF ILLINOIS, } ss.
County of Coles, }

Emery Andrews, being first duly sworn, upon oath states

that he has read the petition addressed to the mayor and city council of the city of Mattoon hereto annexed.

This affiant further states that the facts and matters therein set forth are true in substance and in fact.

This affiant further states that the signatures thereto annexed are the signatures of the Mattoon Tile Company, by Theodore Jonte, its secretary, Richard Heap, Harry Heap, James H. Clark, conservator, and John F. Michaels, Margaret Cain, and Elizabeth C. Mason, by L. L. Lehman, her attorney in fact.        ●

                                        Emery Andrews.

Subscribed and sworn to before me this 27th day of June, A. D. 1900.

    [Seal.]                        T. M. Lytle, Clerk."

And also the following :

" State of Illinois, )
    County of Coles. }  ss.

I, A. C. Sellars, county clerk of the county of Coles, do hereby certify that all city taxes and assessments due up to date of this certificate on the following described real estate are fully paid.

                    Mattoon Title Company.

Beginning at a point where the east line of the right of way of the I. C. R. R. Co. crosses the south line of said Sec. 12, thence north to the half section line, thence east 5.30 chains, thence south 49.18 chains, to the south line of said Sec. 12, thence west on said section line to place of beginning, containing 54.12 acres, more or less.

Richard Heap and Harry Heap and Heirs of John Heap.

Beginning at 5.30 chains east of a point where the east line of the I. C. R. R. right of way intersects the half section line in section 12, T. 12, R. 7, thence east on said half section line 11.20 chains, thence south 33.11 chains, thence west 7.07 chains, thence south 7.07 chains, thence west 4.13 chains on the section line, thence north 40.18 chains to place of beginning.

James H. Clark, Conservator for John F. Michaels.

Beginning at a point on the south line of section 12, T. 12, R. 7, 23 chains and 37 links west of southeast corner of said section, thence westerly on said line 7.07 chains, thence north 7.07 chains, thence east 7.07 chains and thence south to place of beginning.

### ELIZABETH C. MASON.

The east 94 acres of the S. E. ¼ Sec. 12, T. 12, R. 7, excepting the parcels of land described herein as heretofore deeded to James Kitchin, William Schroeder and Margaret Cain's grantors by the said Elizabeth C. Mason.

### MARGARET CAIN.

Part of the S. W. ¼ of the S. E. ¼ Sec. 12, T. 12, R. 7, beginning at a point 4 rods west of the S. W. Cor. of E. ½ S. E. ¼ of said section 12, thence west 10 rods, thence north 80 rods, thence east 10 rods, thence south 80 rods to place of beginning, containing 5 acres.

### ESTATE OF WILLIAM SCHROEDER.

A strip of land 4 rods wide off the east side of the S. E. ¼ of the S. E. ¼ and a strip of land 6 rods wide off the west side of the S. E. ¼ of the S. E. ¼ section 12, T. 12, R. 7.

### JAMES KITCHIN.

A strip of land beginning at the S. E. Cor. of said Sec. 12, thence west on south line of said section 12 to its intersection with west line of E. 12th St., in the city of Mattoon, thence north with extension of said west line of said 12th St., 370 feet, thence east to east line of said Sec. 12, thence south to place of beginning.

Dated this 26th day of June, A. D. 1900.

[SEAL]                                   A. C. SELLARD,
                            County Clerk of Coles County.

To the petition for mandamus, appellant interposed a general demurrer, which the court overruled, and appellant electing to stand by the demurrer, the court found for appellees and ordered a peremptory writ of mandamus to issue to appellant and to the mayor and the members of the city council of the city of Mattoon, commanding it and them, at the time fixed by the ordinances of said city for the next meeting of said city council after such writ issues, to hear and consider the petition so filed with said city clerk as aforesaid, and by ordinance duly passed to disconnect said premises from said city.

Appellant, being dissatisfied with the order of the court, procured an appeal therefrom to this court, and having filed the transcript of the record of the proceedings of the City Court in the case with the clerk of this court, assigns thereon the following errors :

1. The court improperly overruled the demurrer to the petition for mandamus.

2. The court improperly awarded the writ of mandamus to issue.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a petition by appellees for a writ of mandamus to compel the mayor and members of the city council of appellant to pass an ordinance disconnecting certain lands from the corporate limits of appellant as provided in section 1 of the act of 1879, which is as follows:

" That whenever the owners representing a majority of the area of land of any territory within any city or village, and being upon the border and within the boundary thereof, and not laid out into city or village lots or blocks, shall petition the city council of such city, or the trustees of such village, praying the disconnection of such territory therefrom, such petition shall be filed with the city clerk of such city or the president of the trustees of such village, accompanied with a certificate of the county clerk, showing that all city taxes or assessments due up to the time of presenting such petition are fully paid, at least ten days before the meeting of such city council, or trustees, at which it is proposed to present such petition, and the city clerk of such city, or president of the trustees of such village, shall present such petition to the city council or trustees, as the case may be, and upon such presentation the city council of such city or trustees of such village may, by ordinance to be passed by a majority of the members elected to such city council or board of village trustees, disconnect the territory described in such petition from such city or village."

Appellant demurred to the petition, and it being overruled, abided the demurrer, whereupon the court entered judgment awarding the writ.

Appellant brings the case to this court by appeal, and to effect a reversal of the judgment, argues for error, that the petition does not show with sufficient certainty that appellees are the owners of a majority of the area of the lands sought to be disconnected, or that appellees all signed the petition to the city council, or that appellees requested the

city council to pass the desired ordinance at any of its meetings held at least ten days after such petition had been filed with the city clerk.

Appellant having demurred generally, the petition must have been defective in substance in the respects complained of, to have warranted the court in sustaining it.

The petition for the writ, while somewhat inartificially drawn, yet in substance, sets forth which of the appellees own certain parts of the lands in question, and states with particularity, those owning the other parts, and then sets up that appellees "represent a majority of the area of the land in said territory aforesaid," which in our opinion sufficiently shows that appellees were the owners of such majority, when questioned by a general demurrer.

And while it appears from the petition of appellees to the city council, that the same was signed, among others, by "Mattoon Tile Company, by Theo. Jonte, Sec'y," "Jas. H. Clark, Cons.," and "Elizabeth C. Mason, by L. L. Lehman, her att'y in fact," yet, it being averred in the petition for the writ that appellees (among whom are Mattoon Tile Company and James H. Clark, conservator of John F. Michaels), by said petition to the city council, "asked said city council to disconnect said premises in said petition to the city council described, from the city of Mattoon, pursuant to the act in relation to the disconnection of territory from cities and villages, approved and in force May 29, 1879," that, in our opinion, as against a general demurrer, was sufficient to show that such petition to the city council was signed by said appellees.

And the petition for the writ avers that the petition of appellees to the city council to disconnect said territory was filed by appellees with the city clerk of appellant, June 27, 1900; that said council met and transacted business on July 3, 1900, at which time it voted to lay said petition on the table, and had met many times thereafter and transacted business, yet up to the time of filing the petition for the writ, December 5, 1900, said council have wholly refused and neglected to pass an ordinance disconnecting said prem-

ises from said city, which, in our opinion, sufficiently avers a refusal to pass such ordinance although a sufficient time had elapsed since appellees had filed said petition with said clerk.

And as the statute makes it the duty of the city clerk, and not appellees, to present the petition to the city council after it is filed with him, the petition for the writ shows a sufficient request by appellees to the city council, to pass such ordinance.

The petition for the writ, under the holding in Young v. Carey, 184 Ill. 613, being sufficient, in substance, to warrant the court in overruling the demurrer thereto, and as appellant abided its demurrer, the court properly awarded the writ, and its judgment will be affirmed.